BYRNES, Judge.
This is an appeal from a judgment of the trial court dismissing appellant, Melvin Carter’s, workers compensation suit against Brown & Root Inc. and its compensation insuror, Highlands Insurance Co. We affirm.
On August 27, 1981 Melvin Carter injured his leg while working for Brown & Root Inc. The injury occurred when Carter’s leg was caught between rolling pipes, resulting in a laceration and soft tissue injury to his left leg. It is undisputed that this injury occurred in the course and scope of Carter’s employment by Brown & Root and that medical expenses and weekly disability benefits were paid until Jan. 15, 1982.
Carter received emergency medical treatment and was operated on by Dr. Horn, an orthopedic surgeon who treated the wound itself, and Dr. Dupin, a plastic surgeon who performed a skin graft to close the wound. Follow up treatment was given by Dr. Du-pin and Dr. Horn’s associate, Dr. Rozas. By mid-January 1982 both of appellant’s treating physicians felt that his injuries had healed satisfactorily and that he could return to work without restrictions. Relying on the opinions of these physicians, Highlands stopped weekly disability payments.
When Carter tried to return to work in January and February of 1982 he complained of pain and was sent back to his treating physicians. They found no objective evidence to substantiate Carter’s subjective complaints. Moreover, Carter’s leg was again evaluated for residual disability or limitations but none were found.
In March 1982, Carter was seen by Dr. Kroll, a general surgeon. Dr. Kroll felt that the skin graft made Carter’s leg inherently weak and more susceptible to future injury. On the basis of this assumption he concluded that Carter had a 10 to 20% disability to his left leg.
When Brown & Root received this report Carter was sent back to Dr. Rozas and Dr. Dupin. They once again found no residual disability from either an orthopedic or a plastic surgeon’s point of view. Suit was filed in April of 1982.
The trial judge ruled in favor of Brown & Root and dismissed Carter’s suit with, prejudice. On appeal Carter has abandoned his claim for total disability, but seeks a schedule award under La.R.S. 23:1221(4)(h), (o) for loss of function in his leg. Recovery under that section is not predicated on disability but rather on proof of impairment in the use or function of the member in question. Wright v. Red Ball Freight, 315 So.2d 344 (La.App.1975).
The evidence of impairment in this case consisted of the report of Dr. Kroll and the testimony of appellant. Contra- *825 dieting this evidence were the reports of Dr. Dupin and Dr. Rozas. In a letter to defense counsel dated January 25, 1982, Dr. Dupin stated; “I have examined his [Carter’s] leg and am unable to determine any problem with the function of the extremity.” (Emphasis added) In September 1982, Dr. Rozas reported, that there are no findings from an orthopedic standpoint to render and [any] sic. disability at all regarding the ankle and I feel he can 'perform work duties at this time with no limitations.” (Emphasis added)
Later in a report dated April 5, 1982, he again stated that, ... “from an orthopedic standpoint there is no functional orthopedic disability.” (Emphasis added)
It is apparent from these statements that neither of appellant’s treating specialists felt that the functioning of Carters leg was impaired. Moreover, neither physician felt that the presence of the skin graft would limit appellant’s ability to return to work. The trial judge gave more weight to the opinions of these treating specialists than to that of Dr. Kroll and ruled in favor of Brown & Root. We see no error in this ruling.
The opinion of a treating physician is entitled to more weight than that of a doctor who is consulted only for purposes of litigation. Schouest v. J. Ray McDermott Inc., 411 So.2d 1042 (La.1982). Moreover, the opinion of a specialist is entitled to greater weight than that of a non-specialist. Schouest, supra.
In this case Dr. Rozas and Dr. Du-pin were not only the treating physicians but they were also specialists in their respective fields. Dr. Kroll was a general surgeon whose evaluation was based on one examination. Under these circumstances the trial judge was correct in concluding that Carter had not sustained his burden of proving by a preponderance of the evidence that the presence of the skin graft impaired the use or function of his leg or disabled him in any way.
Because appellant is not entitled to compensation we need not address his contention that he is entitled to penalties and attorney fees under R.S. 22:658.
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.